IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   16-cv-00387-WYD-CBS

JUDITH KIRWAN,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

## ORDER OF REMAND

On February 17, 2016, Defendant Home Depot U.S.A., Inc. ("Defendant") filed a Notice of Removal removing this action from the District Court in Denver, Colorado, to this Court. (ECF No. 1). Pending before me is Plaintiff's Opposition to Defendant's Notice of Removal (ECF No. 10), which I construe as a motion to remand. For the reasons set forth below, I find that remand of this case to the Denver District Court is appropriate.

Defendant removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which sets forth two requirements: (1) an "amount in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) diversity of citizenship between the parties. 28 U.S.C. § 1332(a).

Under 28 U.S.C. § 1446(b)(1),

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial

> pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).   While this thirty-day time limitation is not a jurisdictional requirement, "it is a procedural requirement that is strictly enforced."   *McShares Inc. v. Barry*, 979 F. Supp. 1338, 1343 (D. Kan. 1997); *see Farmland National Beef Packing Co., L.P. v. Stone Container Corp.*, 98 Fed. Appx. 752, 756 (10th Cir. 2004).

Based on my review of the relevant pleadings, it appears that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.   Thus, the issue before me is whether the Defendant's Notice of Removal was timely filed.   Under 28 U.S.C. § 1446(b) and Tenth Circuit authority, when the initial pleading does not permit the defendant to discern the amount in controversy, the removal period begins to run when defendant receives "a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case [was] one which [had] become removable."   28 U.S.C. § 1446(b); *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1078-79 (10th Cir. 1999).   More specifically, the removal period does not begin until the defendant is able "to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts."   *Id.* (citing *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)).

Defendant argues that its removal is timely in accordance with 28 U.S.C.

§ 1446(b)(3) because it was unaware that Plaintiff was seeking at least $75,000 in damages until it received Plaintiff's Initial Disclosures. (ECF No. 15 and 4-6). I disagree.

On December 7, 2015, Defendant was served with the Summons and Complaint in this matter along with the District Court Civil Case Cover Sheet. (ECF No. 1-7). On January 14, 2016, Defendant filed its Answer. (ECF No. 1-8). The Civil Case Cover Sheet indicates that "[a] monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought."[1] (ECF No. 1-4 at 3). Additionally, the Plaintiff's Complaint alleges that as a result of being seriously injured on Defendant's property, "Plaintiff sustained a right humerus fracture necessitating surgery including the placement of a metal rod in Plaintiff's right arm." (ECF No. 1-3 at ¶ 14). Plaintiff further alleges that she "suffered physical and emotional injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical hospital, rehabilitation and therapy bills, and doctor bills, loss of earnings and earning capacity, permanent injury, permanent impairment and permanent disfigurement …." (*Id.* at ¶ 24).

Based on my careful review of the initial filings in this case, I find that the Defendant had a reasonable basis to conclude, or at the very least, assume that the amount in controversy in this case did, in fact, exceed $75,000 from the beginning of this

---

[1] While I recognize that reliance solely on the civil cover sheet to establish the jurisdictional amount is insufficient, I do find that it provided notice to the Defendant that Plaintiff was seeking more than $75,000 in damages.

case.  I reject Defendant's contention that "it had no idea" as to the amount of damages being sought by Plaintiff.  (ECF No. 15 at 5).  Thus, Defendant's Notice of Removal, filed more than 70 days after the date the Summons and Complaint was served, is untimely.  Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that the removal was untimely, I find that this matter must be remanded to the state court.  See 28 U.S.C. § 1447(c).

Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court in Denver, Colorado from which the case was removed

Dated:   April 6, 2016

BY THE COURT:

*/s/ Wiley Y. Daniel*
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE